OPINION
{¶ 1} Defendant was indicted in Clark County Common Pleas Court Case No. 07CR08 on one count of theft by deception in violation of R.C. 2913.02(A)(3), a fifth degree felony. The charges arose from Defendant's theft of spouting from a house in Springfield. Defendant was then on post-release control in Case No. 03CR19. Defendant pled guilty to the theft offense *Page 2 
pursuant to a negotiated plea agreement.
 {¶ 2} The parties jointly recommended an agreed upon eight month sentence, which the court indicated it would impose for the theft offense. After the trial court imposed the parties' jointly recommended eight month sentence, the court also sentenced Defendant to an additional and consecutive two year prison term for the post-release control violation in Case No. 03CR19.
 {¶ 3} We granted Defendant leave to file a delayed appeal from his conviction and sentence. Defendant's appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel has raised two possible issues for appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "APPELLANT'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE BECAUSE APPELLANT BELIEVED THE AGREED *Page 3 
SENTENCE OF EIGHT MONTHS INCARCERATION REPRESENTED THE ENTIRE SENTENCE HE WOULD RECEIVE, DIRECTLY OR INDIRECTLY, AS A RESULT OF THE PLEA."
 {¶ 6} The trial court advised Defendant in the plea colloquy that in addition to the agreed eight month sentence it would impose for his theft offense, "[y]ou understand that you are subject to at least one more year in prison consecutive in this case" for Defendant's violation of his post-release control sanction arising from his conviction for the theft offense. Defendant replied: "I didn't know that until he said something. I didn't know that." (T. 6). Defendant argues that his surprise at the advice the court gave him renders his subsequent guilty plea less than knowing, intelligent, and voluntary.
 {¶ 7} The court was fulfilling its duty under Crim. R. 11(C)(2)(a) to determine that Defendant understood the maximum penalty it could impose when it gave its advice. In furtherance of its duty, the court went on to explain that, instead of the minimum one year, it could impose a term of incarceration for the two years remaining on the term of Defendant's post-release control, and that as a result "you are subject to two years additional prison time consecutive to this for the commission of a felony while on Post Release *Page 4 
Control. Do you understand that?" Defendant replied: "Yes, I do, sir." (T. 7). Shortly after, the Court asked: "Do you understand the explanation of the maximum sentence and the Post Release Control?" Defendant replied: "Yes, I do." (T. 8).
 {¶ 8} Defendant concedes he was aware that an additional term for violation of his post-release control sanctions would be imposed, but contends that he believed it would be but a nine month concurrent term imposed by the Adult Parole Authority. The purpose of the maximum sentence advice the court is required to give is to dispel such misapprehensions. The record demonstrates that purpose was fully served.
 {¶ 9} If Defendant wished to avoid the additional two year penalty the court told him it could impose following his guilty plea, his alternative was to not enter the plea. His prior surprise does not demonstrate that the guilty plea Defendant subsequently entered was not knowing, intelligent, and voluntary. The error assigned lacks arguable merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST THAT THE SENTENCE TO BE IMPOSED DUE TO APPELLANT'S VIOLATION OF POST-RELEASE CONTROL BE DETERMINED BY THE PAROLE AUTHORITY RATHER THAN BY THE COURT SENTENCING APPELLANT FOR *Page 5 
THE CONDUCT WHICH CONSTITUTED THE VIOLATION."
 {¶ 11} Prior to the imposition of sentence, Defendant requested that the trial court not impose any sentence for his post — release control violation, and instead allow any sentence to be imposed by the Adult Parole Authority. When asked by the trial court what sentence he thought the Adult Parole Authority might impose for his post-release control violation, Defendant replied that he had been told he would receive a nine month sentence. The trial court then proceeded to impose its eight month sentence for the felony offense and an additional and consecutive two year prison term for the post — release control violation.
 {¶ 12} R.C. 2929.141(B)(1) authorizes a court that sentences a felony offender to a term of incarceration to impose a sentence for any resulting violation of the offender's post-release control sanctions for a prior felony offense, the terms to be served consecutively. For the post-release control violation, the court may impose the greater of either one year or the term of the offender's post-release control, minus the time the offender has spent on post-release control. R.C. 2929.141(B)1) further provides: "In all cases any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole *Page 6 
board or adult parole authority as a post-release control sanction."
 {¶ 13} The Parole Board is authorized to require post-release supervision of nonviolent low-level felons. R.C. 2967.28(C). The Board may also return felons to prison for misconduct while on post-release control. R.C. 2967.28(F)(3). Exercise of that authority is subject to guidelines established by the Ohio Department of Rehabilitation and Correction. R.C. 2967.28(E)(5)(f).
 {¶ 14} Neither the Parole Board nor the Adult Parole Authority is authorized to impose a prison term. That power is a judicial power which is reserved to the courts. The reference in R.C. 2929.141(B)(1) to "any prison term that is administratively imposed by the parole board or the adult parole authority as a post-release control sanction" concerns the Parole Board's power pursuant to R.C. 2967.28(F)(3) to return felons to prison for violations of post-release control sanctions the Parole Board or Adult Parole Authority imposed pursuant to R.C. 2967.28(C). The requirement in R.C. 2929.141(B)(1) that the resulting term of imprisonment shall reduce a term imposed by the court is intended to avoid duplication when both might apply. It does not confer original sentencing authority on the Parole Board or the Adult *Page 7 
Parole Authority for violations of post-release control sanctions arising from a new felony conviction, which is the subject of R.C. 2929.141(B)(1).
 {¶ 15} No alternative sentencing by the Adult Parole Authority for Defendant's violation of his post-release control sanctions arising from his conviction for the theft offense was available to him. The trial court did not abuse its discretion when it denied Defendant's request. The error assigned lacks arguable merit.
 {¶ 16} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
WOLFF, P.J. And BROGAN, J., concur.
Copies mailed to:
 Hon. Richard J. O'Neill *Page 1